## CITY OF FRANKLIN v. DAVENPORT.

[No. 4,532.    Filed November 20, 1903.]

NEGLIGENCE.—*Of City in Maintaining Defective Foot-Bridge.—Injury to Pedestrian.—Complaint.*—In an action against a city by a pedestrian for personal injuries, a complaint which sets forth that plaintiff was injured while attempting to pass over a foot-bridge which the city, having notice thereof, had negligently permitted to be and remain out of repair, is sufficient to withstand a demurrer, though the particulars of the alleged defect in the bridge are not specifically detailed.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Emelia Davenport against the city of Franklin. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Will Featheringill, R. M. Miller* and *H. C. Barnett,* for appellant.

*W. E. Deupree* and *L. E. Slack,* for appellee.

Roby, J.—The averments of appellee's complaint, so far as material at this time, were to the effect that on October 26, 1901, at the intersection of Johnson avenue and Ohio street, in the city of Franklin, there was a foot-bridge for foot passengers over a ditch called Roaring Run, which it was the duty of said city to maintain and keep in repair, it being a part of the sidewalk along Ohio street, and under the control of said city; that for a long time prior to said day said bridge had been dangerous to persons passing over the same, in that its timbers had become rotten, decayed, and sunken in the earth, of which condition the city had notice prior to said day, and negligently permitted said bridge to remain in said dangerous condition; that on said day, and while the bridge was in the dangerous condition aforesaid, plaintiff attempted to pass over said bridge, and by reason of said defective condition, caused by the neglect of said city to repair the same, she fell, broke her arm, and otherwise bruised and hurt herself. The issue was made by a general denial. A verdict was returned and judgment rendered in favor of appellee for $450.

The assignments of error which have not been waived go to the sufficiency of the complaint. The specific objections urged against it under different assignments is that it does not therein appear that the negligence of the city was the proximate cause of the injury. The particulars of the alleged defect in the bridge are not detailed, and a motion to require the pleading to be made more specific in that regard would have been well taken, but it has been long settled that a general allegation of negligence is sufficient to withstand a demurrer to the complaint for want of facts, and that under such allegation the facts constituting negligence may be given in evidence. *Cleveland, etc., R. Co.* v. *Wynant,* 100 Ind. 160. The averment is, in effect, that a footman attempting to pass over a foot-bridge, forming a part of a sidewalk of a city was injured because of the defective condition of such bridge, which

the city, having notice thereof, had negligently permitted to continue. If the fact thus stated is true, the cause of the accident was the negligence of the city.

It is not necessary to use the term "proximate cause" in the complaint. The averment that the defect complained of caused the injury is sufficient.

The complaint under consideration does not leave the cause of the accident to conjecture, although it fails to set out the details connected therewith as fully as might have been done.

Judgment affirmed.