FEARON, Respondent, v. MULLINS, Appellant.

(No. 2,573.)

(Submitted November 23, 1908.  Decided December 19, 1908.)

[98 Pac. 650.]

*Personal Injuries—Master and Servant—Complaint—Sufficiency*
*—Evidence—Striking Out—Harmless Error.*

Personal Injuries—Master and Servant—Complaint—Sufficiency.

1.  The complaint of a domestic servant against her employer in an action for personal injuries, sustained while in the performance of her duties by reason of a fall into an opening on a porch, which alleged in substance that the plaintiff was required to perform a part of her work on the porch; that, when injured, she was at work there by personal direction of defendant; that the cover over the hole was insufficient to sustain the weight of a person; that the cover concealed the opening; that all of this was known to defendant but unknown to plaintiff, and that defendant negligently failed to inform her of the existence of the opening, was sufficient, both as to its allegation of defendant's negligence and its causal connection with the injury, to withstand attack by general demurrer or an objection to the introduction of evidence.

Same—Evidence—Striking Out—Error.

2.  In answer to a question how the opening referred to in the foregoing paragraph was situated, defendant answered that it was at the end of the porch, and that it was not necessary for a person going over the porch for a certain purpose to go near it.  *Held,* that it was error to strike out the latter clause of the answer as not responsive to the question, it having been a natural explanation of the preceding portion thereof.

Same—Exclusion of Evidence—When Harmless Error.

3.  Error in striking out a part of an answer as not responsive was not prejudicial, where evidence of the same facts was afterward admitted without objection.

Same—Health—Opinion Evidence—Discretion.

4.  The question of the competency of a layman to give his opinion as to the state of plaintiff's health prior to a personal injury for which damages are sought, is one left to the sound judgment of the trial judge, subject to review only in case of a clear abuse of discretion.

Same—Health—Opinion Evidence—Competency.

5.  A lay witness who had known plaintiff for six years and had seen her frequently during that time was competent to testify as to her health prior to a personal injury; and the mere fact that he stated that it "is" good, instead of using the past tense of the verb, did not render his testimony incompetent, where it was obvious that he intended to do so.

Same—New Trial—Verdict Contrary to Evidence—Incorrect Assignment.

6.  The statement in a motion for a new trial in a personal injury action, that the evidence showed that plaintiff knew, or in the exercise of reasonable care should have known, of the existence of a defect by reason of which she was injured and was therefore guilty of contributory negligence, and hence that the verdict in her favor was contrary

to the law, as correctly declared by the court in its charge, did not present the question whether the evidence was insufficient to sustain a verdict in her favor, but the question whether the jury reached the proper conclusion under the instructions given.

Same—Contributory Negligence—Verdict Contrary to Law.

7. Where the jury found on conflicting evidence in favor of plaintiff, upon the issue of contributory negligence, in a personal injury action, and the instructions were submitted in proper form to meet the respective hypotheses of both parties, their verdict cannot be said to have been contrary to law in this respect.

Same—Conflicting Evidence—View of Premises by Jury—Verdict—Conclusiveness.

8. The evidence in the above action having been conflicting and the premises where the accident occurred viewed by the jury, they were the exclusive judges to determine the facts, and with their determination in favor of plaintiff and the court's action in denying a new trial, the supreme court will not interfere on appeal.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Sarah Fearon against Patrick Mullins. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

*Mr. John F. Davies,* for Appellant.

The complaint does not state facts sufficient to constitute a cause of action. In an action of this nature the facts must be stated showing the legal liability, and it is not sufficient to allege that the defendant has violated his duty. If the facts are stated, the allegation of duty is superfluous, and such a statement is useless where the facts are not stated. (6 Thompson on Negligence, sec. 7458; *Hewison* v. *City of New Haven,* 34 Conn. 136, 91 Am. Dec. 718; 6 Thompson on Negligence, sec. 7523; 14 Ency. of Pl. & Pr. 332; *Baltimore etc. R. R. Co.* v. *Wilson,* 31 Ohio St. 557; *Rosewarn* v. *Washington Gold Min. Co.,* 84 Cal. 219, 23 Pac. 1039; *Smith* v. *Buttner,* 90 Cal. 95, 27 Pac. 29.) The complaint in an action to recover damages for injuries caused by the failure of a master to furnish a safe place to work should set out the facts wherein the danger consisted and the causal connection between the defective place and the injury. (*Fearon* v. *Mullins,* 35 Mont. 237, 88 Pac. 794; 6

Thompson on Negligence, sec. 2527; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143, 34 Pac. 618, 36 Pac. 407.)    Plaintiff, in order to recover, must allege and prove, not only that she was injured, but that she was injured by reason of the negligence of the defendant, and that the negligence alleged was the cause of the injury. (*City of Hammond* v. *Winslow,* 33 Ind. App. 92, 70 N. E. 819.)

The construction of the human body has frequently been the subject of evidence, and as to whether, under given conditions, certain other conditions would result, has frequently called forth expert opinion of physicians.    (*State* v. *Perry,* 41 W. Va. 641, 24 S. E. 634.)

When there is a vast preponderance of evidence in favor of defendant, and the defense is supported by numerous witnesses apparently entitled to credit, the plaintiff standing upon his own evidence, either unsupported or slightly supported, a new trial should be granted by the general term. (*Kaare* v. *Troy S. & I. Co.,* 139 N. Y. 369, 34 N. E. 901.)    When the evidence greatly preponderates against the verdict, a motion for a new trial should be granted and the refusal of the trial court to grant such motion was error. (*Southern Ry.* v. *Lolar,* 135 Ala. 375, 33 South. 32.)

Where but one conclusion can be drawn from the evidence the finding of the trial court may be set aside. (*Nord* v. *Boston etc. Co.,* 33 Mont. 464, 84 Pac. 1116, 89 Pac. 647; *Mullins* v. *City of Butte* (Mont.), 95 Pac. 597.)

The master is not required to point out dangers which are readily ascertainable by the servant himself, if he makes an ordinarily careful use of such knowledge, experience and judgment as he possesses. (Labatt on Master and Servant, p. 531.) Where the facts are clear and only susceptible of one construction, the question of duty on the part of the master is for the court. (*Manley* v. *Paint Co.,* 76 Minn. 169, 78 N. W. 1050.) The servant cannot recover without making it appear that the defect was of such a nature as not to be discoverable in the reasonable and ordinary exercise of diligence in the course of his

duty. (*Central Bkg. Co.* v. *Kenny,* 58 Ga. 485.) Nor will he be heard to say that his ignorance of a danger was excusable if it could be discovered by a reasonable use of his faculties of observation. (*Illinois R. R. Co.* v. *Sanders,* 58 Ill. App. 117; *Evansville etc. R. Co.* v. *Duel,* 134 Ind. 156, 33 N. E. 355; *Chesson* v. *John L. Roper Lumber Co.,* 118 N. C. 59, 23 S. E. 925.)

*Messrs. Mackel & Meyer,* for Respondent.

The state of plaintiff's health prior to and at the time of trial being in dispute, testimony given by nonexperts or laymen with reference thereto is proper. (*Healy et ux.* v. *Visalia & T. R. Co.,* 101 Cal. 585, 36 Pac. 125; *State* v. *Baldwin,* 36 Kan. 1, 12 Pac. 322; 5 Ency. of Evidence, p. 656 et seq.; *Reininghaus* v. *Merchants' Life Assn.,* 116 Iowa, 364, 89 N. W. 1113; *West Chicago Street Ry. Co.* v. *Fishman,* 169 Ill. 196, 48 N. E. 447.) The question whether or not the plaintiff did see the opening and knew the dangerous condition thereof was properly a question for the jury. (*Hardesty* v. *Largey Lumber Co.,* 34 Mont. 151, 86 Pac. 29; *McCabe* v. *Montana Central Ry. Co.,* 30 Mont. 323, 76 Pac. 701.)

A new trial will not be granted by the supreme court, though the evidence seems to preponderate against the verdict. (*Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500, 68 Pac. 1113.) Where there is a substantial conflict in the evidence, refusal to grant a new trial cannot be held on appeal to be an abuse of discretion. (*Campbell* v. *Great Falls,* 27 Mont. 37, 69 Pac. 114.) Where the evidence is conflicting, the jury is to determine the facts, and their verdict will not be disturbed, unless clearly unsupported by the evidence before them. (*Kleinschmidt* v. *Dunphy,* 1 Mont. 118.)

A new trial will not be granted if there is some testimony to support the verdict, although there is a preponderance of evidence against it. (*Lincoln* v. *Rodgers,* 1 Mont. 217.) It must be clear that the jury has erred before a new trial will be granted

on the ground that the verdict is against the weight of evidence
or unsupported by it.    (*Orr* v. *Haskell,* 2 Mont. 225.)

These decisions dispose of appellant's contention that this
court should interfere with the action of the lower court in re-
fusing to grant appellant a new trial upon the ground that the
evidence is insufficient to justify the verdict.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

Action for damages for a personal injury.    On a former ap-
peal in this case the court reversed a judgment in favor of plain-
tiff and an order denying defendant's motion for a new trial,
because of the want of substantial allegations in the complaint
and for error in one of the instructions.    (35 Mont. 232, 88 Pac.
794.)    Another trial upon amended pleadings resulted in a
verdict and judgment in favor of plaintiff for $2,000.    From
this judgment and an order denying him a new trial, the
defendant prosecutes these appeals. `He contends that the
amended complaint does not state a cause of action, that the
court erred to his prejudice in its rulings upon the admissibility
of evidence, and that the verdict is contrary to the law as de-
clared in the instructions.

1. The complaint alleges: That the defendant was, at the
time mentioned, the owner of a house (describing it) in the city
of Butte, and was occupying it as his residence; that on or
about August 29, 1904, plaintiff was in his employ in the capac-
ity of a domestic servant, and was engaged in the performance
of her duties in and about said premises; and that it was the
duty of the defendant to furnish her a reasonably safe place to
be during the pursuit of her work.    It then proceeds:

"(3) That the defendant carelessly and negligently failed
and neglected to furnish the plaintiff with a reasonably safe
place in which to work, and that the facts with reference there-
to are as follows: That at the rear of the said house and on
the porch thereof, where it became and was the duty of the
plaintiff to perform a certain part of her work, there was a

large opening in the said porch, and below said opening there was an excavation many feet deep, to-wit, over six feet deep, and that on or about the said twenty-ninth day of August, 1904, and prior thereto, the defendant carelessly and negligently covered, and permitted to be covered, the said opening with a number of light boards and other materials so that the said opening could not be seen by the said plaintiff.

"(4) That the covering so placed over the said opening, as aforesaid, was insufficient to prevent a person from falling through into the excavation below, and when in such condition, as aforesaid, was dangerous.

"(5) That for a long time prior thereto the said defendant has [had] exclusive charge, control and possession of the said premises, and ought to have known, and as the plaintiff is informed and believes did know, of the dangerous condition of the said opening, and failed to exercise ordinary, or any, care, to make the same safe or reasonably safe.

"(6) That the plaintiff did not and could not know that the said opening was at the said place, and could not and did not know of the dangerous condition thereof, and the defendant carelessly and negligently failed to inform the plaintiff of the existence of the said hole on said porch or of the dangerous condition thereof.

"(7) That on the aforesaid date, the plaintiff was ordered and directed by the defendant to perform certain work upon said porch and near the said dangerous opening, to-wit, was ordered to place certain boxes and sacks filled with peas, etc., at a certain place beyond the said opening.

"(8) That the plaintiff obeyed the said order, and while performing her said duties, and while employed as a domestic servant, as aforesaid, and acting within the scope of her employment, she proceeded to place the said sacks, etc., at the point designated, and that in so doing she was compelled to, and did, pass over the opening, as aforesaid.

"(9) That on account of the fact that plaintiff did not know that the said opening was thereof [thereon?], and did not know

that the boards would not hold her said weight, and did not know that the said place was dangerous, said plaintiff stepped upon the said boards immediately above the said opening, and that the said boards and other material gave way, and the foot and leg upon which the plaintiff was then standing descended into the opening, as aforesaid.'' Then follow allegations as to the character and extent of the injury, the pain, physical and mental, resulting therefrom, and the expense incurred in procuring medical treatment. Judgment is demanded for $15,250.

The answer denies all the acts and omissions alleged as negligence on the part of the defendant, and alleges contributory negligence on the part of the plaintiff, and that she, knowing the condition of the opening at the time she entered defendant's employment, assumed the attendant risk.

The criticism made of the pleading is that it does not appear that the opening, in the condition in which it was at the time of the accident, was dangerous by reason of the insufficiency of the covering to support the weight of a person who happened to go upon it. It is also said that there is no causal connection shown between the alleged negligence of defendant and plaintiff's injury. These are, in substance, the same objections urged to the pleading on the former hearing, but we think it apparent that they are not meritorious.

It is alleged that the plaintiff was required to perform a part of her work upon the porch, and that upon the occasion of the injury she was at work there by special direction of the defendant. The description of the opening shows that it was a ventilator in the floor, and demonstrates that injury would result to one who, not knowing of it, or in an unguarded moment, might step into it. It appears with reasonable certainty that the covering over it was insufficient to sustain the weight of a person and prevent his falling through it into the excavation below. It is alleged that the covering concealed the opening, and that the condition of it as described was known to the defendant, and was not and could not be known to plaintiff, and that the defendant negligently failed to inform her of its ex-

istence. These allegations do not occur in exactly the order in which we state them, but they are all set forth with sufficient certainty to withstand attack made by general demurrer or an objection to the introduction of evidence, both as to the negligence of the defendant and its causal connection with the injury.

2. The plaintiff was employed by defendant to do general housework, including cooking, five days before the accident occurred. Some of the family supplies were kept in an ice chest upon the porch in question, and it was necessary for plaintiff to go there to obtain them, as well as to the back yard to obtain fuel. The defendant, having been called as witness, was asked on cross-examination how the ventilator was situated with reference to the kitchen door. He answered that it was at the extreme south—that is, remote from the door, at the end of the porch—and that a person going upon and over the porch for the purposes mentioned was not required to go near it. The last clause of the answer was, on motion of plaintiff, stricken out as not responsive to the question. A motion to strike out a portion of a similar answer made by another witness to substantially the same question was also sustained. Error is assigned upon these rulings, and we think there was error, because the added statement of the witness in each case was a natural explanation of the preceding portion of his answer in direct reply to counsel's question. The defendant suffered no prejudice, however, for the reason that one of these witnesses and two others were afterward permitted, without objection, to give a detailed description of the porch and the situation of the ventilator with reference to the line of passage ordinarily pursued by persons going in and out of the kitchen door in the performance of household duties. They were also allowed to state, by way of conclusion, that it was not necessary for one passing in and out to go near the ventilator.

One Tumolty, a witness for plaintiff, after stating that he was a brother in law of plaintiff, and that he had known her for about twelve years, was questioned, and gave answers as follows:

"Q. Did you know her intimately prior to the twenty-ninth day of August, 1904? A. No, I was over in Granite at that time. I did before that time for six years. I saw her frequently during that time. Q. Do you know what the nature of her health was prior to that time? A. It is [was?] good." Objection was made that this evidence was incompetent. It is argued that, while a layman may properly state his opinion as to the apparent condition of health of another as observed by him, the opinion must be based upon observations made at or about the time with reference to which the inquiry is made, and that the statement of this witness was incompetent because it is apparent he had had no opportunity to observe plaintiff's condition. The assumption that such evidence is admissible is correct. (1 Wigmore on Evidence, sec. 568; Lawson on Opinion and Expert Evidence, p. 519.) Its probative value depends in each case upon the opportunity the witness had to make observation. If he has made no observation, he is, of course, not competent to speak at all, and, in a given case, the observation may have been so remote from the time to which the inquiry is directed that his opinion may have no value. The question of his competency, however, must be left to the sound judgment of the trial judge, subject to review only in cases of a clear abuse of discretion. We do not think the court was in error in the ruling complained of here. The witness evidently intended to state, in reply to the questions put by counsel, that he had not known plaintiff intimately during the six years prior to the time of the accident, because he had been living in Granite (an adjoining county), but that he had seen her frequently during that time, and that her health appeared good. So, we think, the court and jury understood him, and his observation was sufficient to render his statement competent, though he used the present instead of the past tense. Other similar rulings of the court are assigned as error, but they are of no higher merit than the foregoing. We do not think they deserve special notice.

3. The court, among others on the subject of assumption of risk, gave the following instructions:

"(9) You are further instructed as a matter of law that an employee, in this case the plaintiff, cannot recover from an employer for an injury suffered in the course of his occupation by reason of the dangerous condition of the place wherein he works after he has knowledge of said defect or dangerous condition and continues to work without objection. The jury are instructed that if a servant discovers that the place in which he works is in a dangerous condition, and he does not stop going into and upon the dangerous place and give notice thereof to his employer, or his agents, but continues to use it, and is injured by reason of its being in such unsafe condition, then the employer will not be liable for the injury, if he is otherwise without fault.

"(10) The jury are further instructed that, when a person enters into service of another person, he thereby undertakes to run all the ordinary risks incident to the employment, including his own negligence, or unskillfulness, provided the person for whom he works, to-wit, the employer, has taken reasonable care and precaution to furnish a reasonably safe place in which to work."

"(15) You are further instructed that if the place of danger was known to the plaintiff, or if in the exercise of ordinary care she could have seen the danger, then she must be held to have assumed the risk of going upon the same."

It is contended that the evidence shows that the plaintiff knew, or by the exercise of reasonable care should have known, of the existence and condition of the ventilator. This being so, the verdict, it is argued, is contrary to the law as declared by the court. No question is made but that the instructions embody correct statements of the law on the subject; but, whether they do or not, the defendant would be entitled to a new trial if the evidence permitted no other conclusion than that stated by counsel, for, if this were the condition of the evidence, the jury should have so found and rendered their verdict for the defend-

ant. This ground of the motion does not present the question whether the evidence is insufficient to sustain the verdict, but the question whether the jury have, in arriving at their verdict as stated, reached the proper conclusion under the instructions given. (*King* v. *Lincoln,* 26 Mont. 157, 66 Pac. 836; *Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057; *Brumagim* v. *Bradshaw,* 39 Cal. 24; Spelling on New Trial and Appeal, sec. 254.)

Upon an examination of the evidence, we do not think the jury were bound to reach the conclusion that the plaintiff knew, or should have known, of the condition of the ventilator. The evidence is conflicting upon this point, and the jury might have found either way. The instructions were all submitted in proper form to meet the respective hypotheses of plaintiff and defendant, so that the jury could announce its verdict in accordance with that declaration of the law, made by the court, which agreed with their finding upon the evidence. It therefore cannot be said that the verdict is contrary to law. Having found the issues of fact as they did, the jury were bound to return a verdict against the defendant.

4. The evidence introduced on the part of the plaintiff tended to show: That up to the time she entered the employ of the defendant she was in good health and able to earn a living by her labor for herself and her two children; that at that time the existence of the ventilator was not known to her, nor was it discovered by her until she fell into it, it being until that time concealed by a covering of light boards; that in going upon and over the porch in quest of supplies and fuel she was not required to go near it; that on the afternoon of the day of the injury she was directed by the wife of the defendant to gather up from the floor of the porch some cases of eggs and sacks of vegetables, which had been placed there on that day or the day before, and pile them in the corner near the ventilator, and proceeded to do so; that not knowing that the boards, which she observed, concealed the opening, she stepped upon them, and by their giving way was precipitated into the excavation below, suffering injury by bruises upon her body and displace-

ment of her womb, producing excessive hemorrhages, necessitating surgical treatment from time to time, and that this condition is probably permanent. Defendant's evidence contradicted this evidence on almost every point. Not only so, but it also tended to show that the ventilator opening, fourteen by twenty-two inches in size, was situated in a corner of the porch so close to the walls bounding it on two sides that it is questionable whether a person could without design go over it and fall into it in the manner described by plaintiff. Under the directions of the court, however, the jury inspected the porch and made their findings upon the evidence as exemplified and explained by the physical conditions as they existed at the time of the accident. It was their exclusive province to determine the facts upon the conflicting evidence, and this court may not disturb their finding or overturn the discretionary action of the district court thereon in denying the motion for a new trial. We cannot say that there was not substantial evidence to support the plaintiff's complaint, or that the defendant's defense of contributory negligence or assumption of risk was established by a preponderance of the evidence.

5. The contention is made in the brief of counsel, though there is no assignment of error on the subject, that a new trial should have been granted on the ground of the misbehavior of one of counsel for plaintiff during the progress of the trial. We shall not notice the argument of counsel, for the reason that on the showing made the contention is wholly without merit.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.