TOWNSEND, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 2,834.)

(Submitted June 7, 1910. Decided June 15, 1910.)

[109 Pac. 969.]

*Cities and Towns—Sidewalks—Failure to Remove Snow and Ice—Personal Injuries—Complaint—Sufficiency—Evidence— Hypothetical Questions—Contents—Instructions.*

Cities and Towns — Defective Sidewalks — Accumulation of Snow and Ice—Complaint—Sufficiency.
1. The complaint in an action against a city which, among other things, alleged that defendant had permitted snow and ice to accumulate on a sidewalk, thus forming a smooth, slippery and slanting surface, dangerous to pedestrians; that, after due notice, it had failed to remove the same or to put a warning signal at the dangerous place; and that by reason of said negligence and carelessness plaintiff slipped and fell, receiving the injuries complained of, was

sufficient, as against a general demurrer, to show negligence on the part of the city and its causal connection with plaintiff's injuries.

Same—Personal Injuries—Liability of City.
2.  A city is liable. in damages for injuries occasioned by its failure to remove from a sidewalk under its control snow and ice which had accumulated from natural causes and formed a smooth, slippery and slanting surface over which it was dangerous for pedestrians to travel, which condition was permitted to remain for an unreasonable period of time after it had actual or constructive notice thereof.

Evidence—Hypothetical Questions—Contents.
3.  A hypothetical question need not comprehend all the evidence on the subject to which the question relates.

Personal Injuries—Contributory Negligence—Instructions Relative to—When Unnecessary.
4.  An instruction relative to contributory negligence in a personal injury case was properly refused where there was neither a plea nor any evidence upon the subject.

Instructions—When Refusal Proper.
5.  The refusal of an instruction, the subject matter of which was covered by one given, was not error.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Marguerite Townsend against the city of Butte. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

In behalf of Appellant, there was a brief by *Mr. Edwin M. Lamb, Mr. John R. Boarman,* and *Mr. N. A. Rotering,* and oral argument by *Mr. Rotering.*

The allegation charging the defendant city with negligence is not sufficient to state a cause of action. It fails to state whether the plaintiff fell by reason of the snow on the ice, or by reason of the slipperiness of the ice, or whether it was caused by the ice being slanting or smooth. (See *Bretsh* v. *Toledo,* 1 Ohio, 210; *Bodah* v. *Deer·Creek,* 99 Wis. 509, 75 N. W. 75; *City of Hammond* v. *Winslow,* 33 Ind. App. 92, 70 N. E. 819; *City of Logansport* v. *Kihn,* 159 Ind. 68, 64 N. E. 595; 20 Ency. of Law, 78, and cases cited.) Unless the ice or snow has accumulated so as to form ridges or to become so uneven or rounded as to form an obstruction, a municipality is not liable.

Under the facts as shown by the evidence the plaintiff was not entitled to recover. (See *Calder* v. *City of Walla Walla,* 6

Wash. 377, 33 Pac. 1054; *Harrington* v. *City of Buffalo,* 121
N. Y. 147, 24 N. E. 186; *Henkes* v. *City of Minneapolis,* 42 Minn.
530, 44 N. W. 1026; *Hausmann* v. *City of Madison,* 85 Wis. 187,
39 Am. St. Rep. 834, 55 N. W. 167, 21 L. R. A. 263; *Taylor* v.
*City of Yonkers,* 105 N. Y. 202, 59 Am. Rep. 492, 11 N. E. 642;
*McDonald* v. *Toledo,* 63 Fed. 60:) The evidence shows that it
thawed in the afternoons and froze at nights and caused the
water to flow over the streets and sidewalk; the evidence fur-
ther shows that that same condition existed, not only on West
Quartz street, but over the entire city. It was brought on by
natural causes and the city should not be held liable. (*Aurora*
v. *Parks,* 21 Ill. App. 459; *Greenlaw* v. *Milliken,* 100 Me. 440,
62 Atl. 145; *Broburg* v. *City of Des Moines,* 63 Iowa, 523, 50
Am. St. Rep. 756, 19 N. W. 340.)

In behalf of Respondent, there was a brief by *Messrs. Roote
& Murray, Mr. James E. Healy,* and *Mr. A. C. McDaniel,* and
oral argument by *Mr. J. E. Murray.*

The complaint was sufficient. (See *City of Franklin* v.
*Davenport,* 31 Ind. App. 648, 68 N. E. 907; *Shearer* v. *Buckley,*
31 Wash. 370, 72 Pac. 76.)

In *Collins* v. *Council Bluffs,* 32 Iowa, 328, it is held that it
was actionable negligence for the city to permit an obstruction
in a street from snow and ice deposited from natural causes.
(See, also, *Bull* v. *Spokane,* 46 Wash. 237, 89 Pac. 555, 13 L. R.
A., n. s., 1105; *Gaylord* v. *New Brittain,* 58 Conn. 398, 20 Atl.
365; *Magaha* v. *Hagerstown,* 95 Md. 62, 93 Am. St. Rep. 317,
51 Atl. 832; *Nebraska City* v. *Rathbone,* 20 Neb. 288, 29 N. W.
920; *Dooley* v. *City of Meridan,* 44 Conn. 117, 26 Am. Rep. 433.)
Even some of the courts which hold that mere slipperiness is
not a defect depart from the slippery doctrine when there are
accumulations of ice and snow so as to form an obstruction.
(*Todd* v. *Troy,* 61 N. Y. 506; *Walsh* v. *Buffalo,* 44 N. Y. Supp.
942; *Goff* v. *Little Falls,* 20 N. Y. Supp. 175.) The rule re-
quiring a city to exercise ordinary care to keep its sidewalks rea-
sonably safe for ordinary purposes of travel includes the re-

moval of accumulations of ice and snow, and the city is liable
for injuries received because of its negligence.   (*Hall* v. *City of
Lowell,* 10 Cush. 260; *Templin* v. *Boone,* 127 Iowa, 91, 102 N.
W. 789; *Street* v. *Holyoke,* 105 Mass. 82, 7 Am. Rep. 500.)
Courts which approve the smooth surface doctrine hold that
such facts as here set out constitute a defect, and that the city
is liable even though the surface of the ice is smooth and slip-
pery, basing their decision on the ground that the city was neg-
ligent in permitting an accumulation of ice and snow to arise
from such cause, which accumulation is dangerous to ordinary
travel.   (*Adams* v. *Chicopee,* 147 Mass. 440, 18 N. E. 231;
*Hughes* v. *Lawrence,* 160 Mass. 474, 36 N. E. 485; *Navarre* v.
*Benton Harbor,* 126 Mich. 618, 86 N. W. 138; *Shumway* v. *Bur-
lington,* 108 Iowa, 425, 79 N. W. 123.)   Whenever an accumula-
tion of ice is allowed to remain on a sidewalk an unreasonable
length of time in an unsafe condition, the city is liable regard-
less of the source of the ice.   (*Todd* v. *Troy, supra; Foxworthy*
v. *Hastings,* 25 Neb. 133, 41 N. W. 132; *Smith* v. *Chicago,* 38
Fed. 388; *Shumway* v. *Burlington,* 108 Iowa, 425, 79 N. W. 123;
*Nebraska City* v. *Rathbone,* 20 Neb. 288, 29 N. W. 920; *Collins*
v. *Council Bluffs,* 32 Iowa, 324, 7 Am. Rep. 200; *McLaughlin*
v. *Corry,* 77 Pa. 109, 18 Am. Rep. 432; *Stilling* v. *Thorp,* 54
Wis. 528, 41 Am. Rep. 60, 11 N. W. 906; *McDonald* v. *Ashland,*
78 Wis. 251, 47 N. W. 434; *Klaus* v. *Buffalo,* 86 App. Div. 221,
83 N. Y. Supp. 620.)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This is an action for damages for personal injuries.   The
plaintiff recovered judgment, and the city has appealed from
the judgment and from an order denying it a new trial.

It is first contended that the complaint does not state facts
sufficient to constitute a cause of action.   In their brief counsel
for the city say: "A careful reading of the complaint will dis-
close the fact that it fails to state whether the plaintiff fell by
reason of the snow on the ice, or by reason of the slipperiness

of the ice, or whether it was caused by the ice being slanting or smooth.'' In the district court a demurrer was interposed to the complaint, but it did not raise or suggest the infirmity pointed out above. Had it done so, possibly it should have been sustained. But the special demurrer which was interposed was properly overruled, and we are now left to say whether the complaint is sufficient to withstand a general demurrer.

The negligence charged in the complaint consists in: (a) Permitting ice and snow to accumulate on the sidewalk at the point where the injury occurred, forming a smooth, slippery, and slanting surface dangerous to pedestrians; (b) failing to remove the same after due notice; and (c) failing to place a warning signal at the dangerous place. The complaint charges: ''That by reason of the said negligence and carelessness of the said city of Butte, this plaintiff, on the eleventh day of December, 1903, while lawfully traveling and walking on said sidewalk at a point on the south side of West Quartz street about fifteen feet west of North Montana street, slipped and fell thereon.'' This allegation is followed by a recital of the injuries received by the plaintiff and the resulting damages which she sustained. As against a general demurrer, we think this complaint sufficiently shows the negligence of the city and its causal connection with the plaintiff's injuries. (*Fearon* v. *Mullins,* 38 Mont. 45, 98 Pac. 650; *City of Franklin* v. *Davenport,* 31 Ind. App. 648, 68 N. E. 907.)

Much consideration is given in both briefs to the question: Is a city liable for damages for injuries occasioned by mere slipperiness of a sidewalk caused by snow or ice? But that question was answered in the negative by the trial court in its instruction No. 14a, and is not before us now. Rather the question which this record suggests is: Can a city be held liable for damages for injuries occasioned by its failure to remove from a sidewalk under its control snow and ice which have accumulated and formed on the sidewalk a smooth, slippery, and slanting surface over which it is dangerous for pedestrians to travel, when such condition is permitted to remain for an unreasonable time

after the city has actual or constructive notice thereof? After reviewing the decided cases at great length, Thompson, in his Commentaries on the Law of Negligence (section 6191) says: "Coming back to the sound and sensible doctrine on this subject, we find that it has been held, by a court whose decisions upon this subject are in general to be commended, that ice and snow accumulating on a sidewalk from natural causes, *if suffered to remain* until the surface is so rough, ridged, rounded, or slanting that it is difficult and dangerous for persons traveling on foot to pass over it when exercising ordinary care, constitute a defect for which the city or town is liable, provided it has notice of its dangerous condition." In *Storm* v. *City of Butte,* 35 Mont. 385, 89 Pac. 726, this court held that, where ice and snow are permitted by the municipal authorities to accumulate on a sidewalk and to become rough and uneven so as to render it difficult and dangerous for pedestrians to pass over it, such a condition creates an obstruction to travel, and for injuries occasioned thereby the city is liable. We do not see any difference in principle between that case and the one now before us.

The evidence tends to show that for some distance west from the intersection of Montana and Quartz streets along the sidewalk, on the south side of Quartz street, water from melting snow had run down on to the walk, had frozen, and, by reason of continued freezing and thawing, the ice had accumulated to a thickness of four or five inches upon the outer edge of the walk and, gradually decreasing in thickness toward the inner edge, disappeared altogether, leaving a narrow pathway along the inner edge upon which there was not any ice; that this condition had prevailed for many days before plaintiff's injury; that the city authorities had actual notice of the condition, as well as the opportunity for knowledge by reason of the lapse of time; that on the day in question a light snow had fallen, covering the clear pathway as well as the portion of the walk upon which the ice had accumulated; that, while plaintiff was passing along and over this particular portion of the walk, she

stepped upon the slanting ice, her feet slipped from under her, and she fell and sustained severe injuries. The evidence tends to show due care on the part of plaintiff, and we think is amply sufficient to make out a case for the jury, upon the theory that if the ice is permitted to accumulate upon the walk and to form a smooth, slippery surface at an angle or slanting to the plane surface of the walk, so that it becomes difficult and dangerous for pedestrians to pass over it while exercising ordinary care, then the city is liable for injuries caused by such obstruction to travel, provided it had actual knowledge of the condition, or by reason of lapse of time ought to have knowledge of it, and fails, after such knowledge, to remove the obstruction within a reasonable time. (*Huston* v. *City of Council Bluffs*, 101 Iowa, 33, 69 N. W. 1130, 36 L. R. A. 211.)

Objection was made by the city to a hypothetical question propounded to Dr. Hanson, and a motion was made to strike out the answer given by him. The objection and motion were overruled. The ground upon which error is now predicated is that the question "did not contain all the undisputed facts in the case." In *State* v. *Crowe*, 39 Mont. 174, 102 Pac. 579, this court held that a hypothetical question need not comprehend all the evidence upon the subject to which the question relates.

Instruction 15a, requested by the city and refused by the court, was properly refused. There was not any plea nor any evidence of contributory negligence.

The subject matter of instruction No. 21a, requested by the city, is fully covered in instruction 14a, given.

We do not find any reversible error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH did not hear the argument, and takes no part in the foregoing decision.