STATE, RESPONDENT, *v.* TRACEY, APPELLANT.

(No. 2,414.)

(Submitted June 14, 1907. Decided June 28, 1907.)

[90 Pac. 791.]

*Criminal Law—Assault—Information—Instructions.*

Criminal Law—Assault in Second Degree—Information—Sufficiency.
1. An information charging that defendant ''did willfully, unlawfully, wrongfully, intentionally and feloniously assault one S., by throwing said S. from a moving street-car, with intent in him, the said defendant,· to inflict grievous bodily harm upon said S.,'' was sufficient to charge assault in the second degree, under subdivision 3 of section 401 of the Penal Code.

Same—Instructions—Definition of Crime.
2. Before defendant, on trial for assault in the second degree, can complain of an instruction which defined the crime of assault in the third degree in the words of the statute, but did not specifically define the distinctions between this degree of the offense and assault in the first and second degrees, he must have made request for a more specific instruction and have had it refused, since, generally speaking, there is no error if the court has submitted the statutory definitions to the jury.

Same—Instructions—Technical Error—Effect.
3. Where, under the evidence submitted at a trial for assault in the second degree, the defendant might have been convicted of assault in either the second or third degree, but was found guilty of the lower degree, the judgment will not, under Penal Code, sections 2320, 2600, be reversed for a purely technical error in giving an instruction.

Same—Technical Error—Instructions—Prejudice.
4. ·Even though an instruction, given in a prosecution for assault in the second degree, which laid down an unauthorized restriction upon the power of the jury to reject the testimony of a witness who had willfully testified falsely to a material matter, was technically erroneous, the substantial rights of the defendant were not affected by it prejudicially, where the jury had been instructed that they were the exclusive judges of the weight to be given to the evidence, and defendant was convicted of assault in the third degree.

Same—Instructions—Refusal—When not Error.
5. Refusal of an instruction, on a trial for assault in the second degree, to the effect that in determining whether or not defendant's conduct was willful or wrongful, the jury might take into consideration whether the defendant did anything to bring about the trouble; whether at the time he was engaged in his regular occupation; whether he used more force than necessary, and whether he did anything that indicated an intention to wound the prosecuting witness, and that if then they were not satisfied beyond a reasonable doubt that his conduct was either willful or wrongful, acquittal should follow, was not error, where, in instructions given, the jury had been charged that if they were not satisfied beyond a reasonable doubt that the defendant had willfully and wrongfully assaulted the prosecuting witness with intent to do him grievous bodily harm, they should acquit him.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

W. W. Tracey was convicted of assault in the third degree, and he appeals from the judgment of conviction and from an order denying him a new trial. Affirmed.

*Messrs. Mackel & Meyer,* for Appellant.

The information in the case at bar does not state that the defendant *did* inflict grievous bodily harm upon Shea, but it merely alleges that he *intended* to do so. Under subdivisions 1 and 2 of section 401, Penal Code, a special intent, in addition to the criminal intent, which must be present in all criminal cases, is required. Such particular intent must be alleged and proved. (*State* v. *Carroll,* 13 Mont. 246, 33 Pac. 688.) Under subdivision 3, a mere intent to inflict grievous bodily injury is not sufficient. The defendant must either wound or must inflict such grievous bodily harm. It, therefore, follows conclusively that the information is not sufficient under subdivision 3. When we examine subdivision 4, we find that the essence of second degree assault under this subdivision is that the defendant assaults another with a weapon or other instrument or thing *likely to product grievous bodily harm.* The information, to be sufficient under this subdivision, would have to allege that the weapon or instrument or thing used in making the assault was such as was likely to produce grievous bodily harm. The material words of the statute which are lacking are "that a moving street-car is a thing likely to inflict grievous bodily harm." (2 Ency. of Pl. & Pr. 844; *People* v. *Jacobs,* 29 Cal. 579; 3 Cyc. 1040.) The information would not even be sufficient for assault in the third degree, because under third degree assault, it may be assault or an assault and battery. (Pen. Code, sec. 402.) That these are different has often been held. (*State* v. *Welsh,* 73 Iowa, 106, 34 N. W. 765; *Territory* v. *Dooley,* 4 Mont. 295, 1 Pac. 747; *State* v. *Mize,* 36 Kan. 187, 13 Pac. 1.)

Instruction No. 7, where the court instructs that "every person who commits an assault or an assault and battery, not such as specified in the preceding instruction, is guilty of an assault in the third degree," is in the words of the statute, but is fatally defective for the same reason that the instruction defining murder in the second degree in the words of the statute, is not sufficient. (*State* v. *Baker,* 13 Mont. 160, 32 Pac. 647; *State* v. *Schafer,* 26 Mont. 11, 66 Pac. 464; *State* v. *Felker,* 27 Mont. 451, 71 Pac. 671.)   There is a difference between simple assault and assault and battery.   The jury certainly ought to have been told what is an assault and what is an assault and battery.   It does not always follow that because a defendant is charged with the higher offense that if he is not proved guilty of that offense, he may still be guilty of a lower degree. (*People* v. *Madden,* 76 Cal. 521, 18 Pac. 402.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of assault in the third degree and sentenced to pay a fine.   He has appealed from the judgment and an order denying him a new trial.

The charging part of the information is that the defendant "did willfully, unlawfully, wrongfully, intentionally, and feloniously assault one John Shea, by throwing said John Shea from a moving street-car, with intent in him, the said defendant, to inflict grievous bodily harm upon said John Shea."   The contention is made that the information does not state an offense under the statute (Pen. Code, sec. 401), and hence that the judgment cannot stand.   The information is the same in form and substance as that examined in the case of *State* v. *Farnham* (recently decided) [*ante,* p. 375, 89 Pac. 728], the only difference being in the instrumentality by which it is alleged the assault was committed.   The question as to the

sufficiency of the information to charge an assault in the second degree made in that case is again made here. We shall not discuss the question further, but refer to that case as conclusive on this point. The information sufficiently charges assault with intent to commit grievous bodily harm, under subdivision 3 of section 401, *supra,* as there pointed out.

Complaint is made that instruction numbered 7 is fatally defective, in that, while it defines assault in the third degree in the words of the statute, it does not specifically define the distinctions between this degree of the offense and assault in the first and second degrees. While it is incumbent upon the court to declare the law applicable to every phase of the case, so that the jury may consider the evidence with full knowledge of each grade of the crime of which defendant may be convicted, particularly so in murder cases (*State* v. *Shafer,* 26 Mont. 11, 66 Pac. 463), speaking generally, it is a sufficient compliance with this requirement when the court has submitted the statutory definitions. In such cases, before the appellant can insist that the trial court has erred to his prejudice in failing to give more specific instructions upon a particular point, when the instructions given fairly cover it, he must have made request for such specific instruction and have had it refused. Here the assignment is, not that the court failed to give a specific instruction, or had refused to give one requested, but that it erred in giving the particular instruction. In this the trial court was not in error, because the instruction given embodies the statute and is entirely applicable to the facts proven at the trial. For this reason, if for no other, the defendant cannot be heard to complain. The assignment does not present the question submitted. Upon the evidence submitted at the trial, the defendant might have been convicted of assault in either the second or third degree. Having been convicted of a lower degree, and properly so, his contention is purely technical, and does not avail him. He may not insist that he be awarded a new trial on such ground. (Pen. Code, secs. 2320, 2600.)

It is next contended that instruction No. 10 is prejudicially erroneous. This instruction lays down the rule to be observed by juries in weighing the testimony of witnesses who were sworn in the case, and is an exact copy of the one numbered 27 and considered in *State* v. *Penna* (decided to-day) [*ante,* p. 535, 90 Pac. 787]. As pointed out in that case it is technically erroneous, in that it lays an unauthorized restriction upon the power of the jury to reject the testimony of a witness who has willfully testified falsely to a material matter. It should not have been given. Since, however, the jury were instructed that they were the exclusive judges of the weight to be given to the evidence, and it is apparent that the substantial rights of the defendant were not affected by it, we do not think the defendant entitled to a new trial on account of it. (Sections 2320, 2600, *supra; State* v. *Fuller,* 34 Mont. 12, 85 Pac. 369.)

It is argued that the court erred in refusing to submit the following instruction: "In determining whether or not the defendant's conduct in this matter was willful and wrongful, you may take into consideration whether the defendant did anything to bring about the trouble; whether at the time he was engaged in his regular business or occupation; whether he used any more force than was necessary; whether he did anything that showed that he intended to wound the prosecuting witness, Shea. And if, after taking all of these matters into consideration, you are not satisfied beyond a reasonable doubt that his conduct was either willful or wrongful, then you must find the defendant not guilty."

The court elsewhere in the charge had already told the jury, in substance, that if they were not satisfied beyond a reasonable doubt from the evidence that the defendant had willfully or wrongfully assaulted Shea with intent to do him grievous bodily harm, they should acquit him. This fairly covered the feature embodied in the requested instruction. Hence there was no error in refusing it.

Other assignments are made upon rulings of the court upon the question of evidence. We do not find prejudicial error in any of them.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.