MURRAY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 3,558.)

(Submitted September 17, 1915. Decided October 6, 1915.)

[151 Pac. 1051.]

*Cities and Towns—Personal Injuries—Defective Sidewalks—Complaint—Sufficiency—Defenses—Another Action Pending—Burden of Proof—Evidence—Instructions—Notice of Accident—Proof.*

Cities and Towns—Defective Sidewalk—Complaint—Sufficiency.
    1. Complaint in an action against a city to recover damages for personal injuries sustained by a fall on a sidewalk rendered dangerous by an accumulation of snow and ice which formed a rough, ridged, slippery and slant surface, *etc., held* sufficient to state a cause of action.
    [As to when ice on sidewalks constitutes a defect in streets, see notes in 7 Am. Rep. 206; 45 L. R. A. (n. s.) 75.]

Same—Defenses—Another Action Pending—Burden of Proof.
    2. The plea that another action is pending is one in abatement, the burden of maintaining which is upon the pleader.
    [As to abatement of one action by another pending in same state, see note in 84 Am. Dec. 452.]

Same—Evidence—Competency.
    3. Rejection of an offer of proof, in an action of the kind referred to in paragraph 1, *supra,* that the sidewalk on which plaintiff fell had been kept clear of snow and ice by the occupant of the premises, up to within a week of the accident, was error; the testimony was competent as tending to show that reasonable care had always been exercised to keep the walk in a reasonably safe condition.

Same—Instructions—Parties—Witnesses—Credibility.
    4. Where no instruction whatever had been given the jury touching the credibility of witnesses, one to the effect that in determining the credibility of parties when testifying as witnesses they might take into account the fact that they are interested in the result of the action, was not objectionable; *held,* however, that the better practice is to give

one general instruction upon the subject applicable to witnesses of all classes.

Same—Instructions—Credibility of Witnesses.

5. In instructing the jury as to the manner in which they should exercise their power of judging the effect of evidence, the court should be guided by the provisions of section 8028, Revised Codes, which are authoritative and sufficient.

Same—Notice of Injury—Sufficiency.

6. Where from the description of the place at which an accident due to a defective sidewalk happened, given in the notice to the city council required by statute, it inferentially, though not in terms, appeared that the injury occurred within the city limits, it was sufficient; the members of the council being presumed to know the limits of their jurisdiction.

Same—Notice of Injury—Evidence—Insufficiency.

7. Under section 3289, Revised Codes, the giving of notice of a personal injury due to defective sidewalks is a fact which must be affirmatively established; hence where no testimony whatever was presented as to who filed, presented or received it, it was fatal to a judgment in favor of plaintiff.

Same—Notice of Injury—Proof.

8. (On Motion for Rehearing.) To prove the giving of the notice to a city required by section 3289, Revised Codes, neither indorsement nor signature by the city clerk is essential. The fact may be established by any competent evidence; such as that the filing mark was in the handwriting of the city clerk or one of his deputies, that it was made at his office, or that the notice had been called to the attention of the council.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Mrs. Frank Murray against the City of Butte. From a judgment for plaintiff and an order denying it a new trial, defendant city appeals. Reversed and remanded.

*Mr. Wm. F. Davis* and *Mr. N. A. Rotering,* for Appellant, submitted a brief; *Mr. Rotering* argued the cause orally.

*Mr. William Meyers,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Action for personal injuries. The complaint was filed May 21, 1913. It recites the capacity of the defendant, its possession, control, and supervision of the streets, sidewalks, *etc.,* of the city, and alleges: "That the defendant  *&#42;  &#42;  &#42;*  did negligently, carelessly, and knowingly allow and permit on the 25th

day of December, 1912, and for a long time immediately prior
to the 25th day of December, 1912, to-wit, for a period of five
days or more, snow and ice to accumulate and remain to a depth
of several inches on and across the sidewalk on the west side of
North Idaho Street in front of and adjacent to the northern part
of the lot upon which the dwelling-house numbered 123 and 125
North Idaho Street is located; that said snow and ice covered
a space of more than 15 feet along the said sidewalk north and
south; that said snow and ice thereon accumulated and re-
mained, formed a rough, rounded, ridged, uneven, slippery, and
slant surface extending the width of the said sidewalk and along
the said sidewalk for more than 15 feet, and which was a source
of danger to pedestrians passing along said sidewalk; that dur-
ing all of the time that said ice and snow was allowed to exist
thereon said sidewalk was not protected by any guards, lights,
barriers, or signals of danger to notify persons traveling along
said sidewalk of the danger caused thereby; that during all of
said time the said sidewalk was traveled by a great number of
persons, the said sidewalk being one of the principal thorough-
fares of the City of Butte, and   *   *   *   was at this particular
point used by pedestrians traveling thereon both day and night;
that at all times herein mentioned the defendant had full knowl-
edge of all the facts herein alleged; that on or about the said
25th day of December, 1912, at about the hour of 2 A. M., the
plaintiff was traveling on foot and in a careful manner along
the west side of the said street and on said sidewalk hereinbefore
mentioned, and at the said point immediately east of the north-
ern part of said lot upon which is located the dwelling-house
numbered 123 and 125 North Idaho Street, when, owing to the
said rough, ridged, rounded, uneven, slanting, and slippery ice
and snow carelessly and negligently permitted and allowed to
accumulate and remain in said dangerous condition on the said
sidewalk at the said point on the 25th day of December, 1912,
and for more than five days prior thereto, this plaintiff slipped
and fell in such a manner that as a result thereof her right arm
was broken and fractured, and her right hip, back, and head

were injured." Succeeding paragraphs set forth the character and particulars of the damage claimed, and notice to the defendant under the requirements of the statute.

To this complaint a demurrer was interposed attacking the complaint generally, and also asserting it to be indefinite, uncertain and ambiguous, because "it does not state whether the plaintiff fell by reason of snow on the walk, or by reason of snow on the ice, or by reason of the slipperiness of the ice, or by reason of the roughness of the ice, or by reason of the ice being ridged, or by reason of the ice being rounded, or by reason of the ice being uneven, or by reason of the ice being slanting."

The demurrer being overruled, the defendant answered, admitting the corporate character of the City of Butte, denying all the other allegations of the complaint, and pleading: "That on the 27th day of January, 1913, the plaintiff commenced an action No. A—4809 against the defendant in the district court of the second judicial district of the state of Montana in and for the county of Silver Bow, in which said action the said plaintiff sued the said defendant upon the same and identical alleged and pretended cause of action that is sued upon herein; that in said action the said plaintiff demanded the same relief as is demanded against this defendant in the above-entitled action;  *  *  * that in said action No. A—4809 a judgment in the sum of $8 in favor of the defendant and against the plaintiff was duly given, made, rendered and entered, and the same has not been paid or satisfied; that the said action No. A—4809 is now pending in the district court of the second judicial district of the state of Montana in and for the county of Silver Bow."

The plaintiff replied, denying that the judgment pleaded in the answer had not been satisfied, and alleged that it had been fully paid and duly satisfied of record.

Trial was to a jury, who returned a verdict for plaintiff in the sum of $1,000. Judgment was entered accordingly, and a motion for new trial was denied; hence these appeals.

The questions presented and argued in the briefs relate to: (1) The sufficiency of the complaint; (2) the effect of the plea of former action pending; (3) the rejection of an offer of proof; (4) the refusal of certain offered instructions; (5) the giving of a certain instruction; and (6) the sufficiency of the evidence to justify the verdict. These we consider briefly as follows:

1. We think the complaint definite enough to apprise the [1] defendant of the nature, scope and limitations of the cause of action sought to be presented. That it states a cause of action is no longer open to doubt. (*Townsend* v. *City of Butte*, 41 Mont. 410, 109 Pac. 969; *Storm* v. *City of Butte*, 35 Mont. 385, 89 Pac. 726.)

2. The plea of another action pending was a plea in abate- [2] ment. (*Peterson* v. *City of Butte*, 44 Mont. 129, 120 Pac. 231.) Its essential was an unsatisfied judgment which defendant averred and the plaintiff denied. The defendant therefore was not entitled to prevail upon the pleadings, nor upon the evidence, because the duty of maintaining such a plea is on the pleader (*Croft* v. *Bain*, 49 Mont. 484, 143 Pac. 960; 1 Corpus Juris, 107, sec. 165), and the record entirely fails to show an unsatisfied judgment in the other action.

3. The offer of proof which the trial court rejected was to the [3] effect that up to December 17, 1912, the sidewalk in question had been kept clear by the occupant of the premises. Its purpose was, in connection with the other proof in the case, to show that reasonable care had always been exercised to keep the sidewalk in a reasonably safe condition, and we think the evidence was competent, though its connection with the true subject of inquiry was somewhat tenuous. We do not regard its rejection as reversible error, however, for the reason that the essence of it amply appears elsewhere in the record.

4. The instructions the refusal of which is now urged as error [4] are numbered 12A, 20A, 23A and 25A. Instruction 12A is as follows: "The jury are instructed that, while our statute renders parties to a suit competent witnesses and allows them to testify, still the jury are the judges of the credibility and weight

of such testimony, and in determining such weight and credibility the fact that such witnesses are interested in the result of the suit, if it so appears from the evidence, may be taken into account by the jury, and they may give such testimony only such weight as they think it fairly entitled to under all the circumstances of the case, and in view of the interest of such witnesses." The cases cited to support the refusal of this instruction are not in point. We are unable to see any fatal objection to it, in view of the fact that no instruction whatever was given touching the credibility of witnesses. The better practice, however, is to give one general instruction upon the subject applicable to witnesses of all classes.

Concerning instruction 20A it will suffice to say that similar ones have been repeatedly condemned by this court. (*State* v. *Lee,* 34 Mont. 584, 87 Pac. 977; *State* v. *Penna,* 35 Mont. 535, 90 Pac. 787; *State* v. *Tracey,* 35 Mont. 552, 90 Pac. 791; *State* v. *De Lea,* 36 Mont. 531, 93 Pac. 814.) The manner in which the [5] jury should exercise its power of judging the effect of evidence is set forth in section 8028, Revised Codes, and the attention of the profession is again called to those provisions as authoritative and sufficient.

An inspection of the record discloses that the court fully and fairly instructed the jury upon the substantive law applicable to cases of this character; and whatever there was of value in instructions 23A and 25A is covered by the instructions which were given to the jury.

5. Instruction No. 3 is claimed to have been prejudicially erroneous under the decision of this court in *McEnaney* v. *City of Butte,* 43 Mont. 526, 117 Pac. 893, but we think that, taken in connection with the other instructions, notably 6A, it is not open to the objection urged against it.

6. Challenging the sufficiency of the evidence, the defendant insists that there is no proof of the filing or presentation of the notice required by the statute, and that the case otherwise made by the plaintiff does not establish any liability on the part of the defendant. As to the latter specification, the argument

is that the evidence does not show but that the snow and ice on which the plaintiff fell was smooth, level and parallel to the sidewalk, in which case it is assumed, and the jury were instructed, that no liability would exist. It is a fair inference, however, from the testimony presented on behalf of the plaintiff, that the condition of the snow and ice at the place where the accident occurred was, and for four or five days had been, such as to amount to an obstruction under the rule recognized in the *Storm* and *Townsend Cases,* above referred to. We note, however, that when the motion for nonsuit was made, there was no evidence, save the lapse of five or six days and the state of the weather, that the city knew, or with ordinary diligence could have known, the condition of the sidewalk in time to correct it. Upon the sufficiency of this we do not pass, because the defendant's evidence shows actual knowledge of whatever the condition was; but we call attention to the matter at this time in view of a retrial of the cause.

The contention upon the notice is that the description of the [6] place of the accident is too vague to be effective, and that the notice is not shown to have been filed for presentation, or presented, to the city council. While the description of the location of the accident does not in terms place it within the corporate limits of the city of Butte, it is quite apparent from the document, taken as a whole, that such was the claim intended to be made, and it is also admitted of record that such was the fact at the time. The members of the city council may fairly be presumed to know the limits of their jurisdiction, and the notice, if brought to their attention, was sufficient. But we are forced to say that the record is barren of any testimony [7] to show a filing or presentation of the notice. No one testified that he filed it, or presented it, or received it. The notice, as offered in evidence, bore somewhere upon it the legend: "No. 636. Claim of Mrs. Frank Murray. *Re* Personal Injuries. Office of the City Clerk of the City of Butte. Filed at 45 minutes past 9 A. M., Jan. 16, 1913." Who made these marks, when, how and under what circumstances they were

made, is not revealed, and therefore no probative value can be given to them. The giving of notice is a fact which must be affirmatively established or the claimant cannot prevail, no matter how meritorious his claim may be. Such is the statute of this state. (Rev. Codes, sec. 3289; *Tonn* v. *City of Helena,* 42 Mont. 127, 36 L. R. A. (n. s.) 1136, 111 Pac. 715.)

The judgment and order appealed from are reversed, and the cause is remanded for a retrial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.


ON MOTION FOR REHEARING.

MR. JUSTICE SANNER delivered the opinion of the court.

Counsel for respondent so entirely misconceives, and thereby suggests that others may misunderstand, the purport of the foregoing opinion that we deem it proper to take more than formal notice of his motion for rehearing. He assumes this court to have held that the giving of the notice required by Code section 3289, cannot be shown by the indorsement of the city clerk, or, if it can, that the signature of the city clerk is necessary to prove such indorsement. In view of the statement in the opinion that no one testified to the filing, presenting or receiving of the notice, and that there was no evidence to show when, by whom, or under what circumstances the so-called indorsement was made, this assumption must be characterized as wholly gratuitous. There cannot be the slightest [8] doubt that to prove the giving of the notice neither indorsement nor signature by the city clerk is essential. The fact may be established by any competent evidence; and if, in the present case, there had been testimony that the so-called indorsement was in the handwriting of the city clerk or any of his deputies, or that it was made at his office, or that the notice had come from his files, or had ever been called to the attention of the city council, an altogether different situation would have

appeared.  As the record stands, however, there is nothing at all to suggest a filing or presentation of the notice, save the legend quoted in the opinion, and this, because it does not purport to have been made by the city clerk or any of his deputies, and may have been made by anyone else, can be given no probative value.  We say, again, therefore, that the record is barren of any evidence to show the giving of the notice.

Motion for rehearing denied.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.