STATE, RESPONDENT, *v.* POWELL, APPELLANT.

(No. 4,084.)

(Submitted November 6, 1917.   Decided November 19, 1917.)

[169 Pac. 46.]

*Criminal Law—Homicide—Justification—Instructions—Refusal of Evidence—Harmless Error.*

Trial—Refusal of Evidence—When Harmless Error.
1.   Error in excluding a question when first asked a witness was rendered harmless upon his recall when the question was repeated and then fully answered.

Homicide—Reasonable Doubt—Instruction—Proper Refusal.
2.   The court having charged the jury in a prosecution for homicide that the state must prove beyond a reasonable doubt every material fact necessary to make out the crime charged, refusal of an instruction of the same rule in a negative form or in one applying it to an isolated fact was not error.

Same—Instruction—Inapplicability to Evidence—Proper Refusal.
3.   Where, after decedent had withdrawn from a quarrel with defendant, the latter armed himself with a knife and about an hour later stabbed the former while asleep in bed, an instruction that the burden of proving that defendant was the aggressor was inapplicable and properly refused.

[As to self-defense plea as available to person charged with killing peacemaker, see note in Ann. Cas. 1913C, 265.]

Same—Defense Made Out by State—Effect.
4.   Where the proof of the prosecution—*i. e.,* the effect of all the evidence introduced by it—makes out the defense upon which one charged with crime relies, by raising a reasonable doubt of his guilt, defendant

On applicability of rule of reasonable doubt to self-defense in homicide, see notes in 19 L. R. A. (n. s.) 483; 31 L. R. A. (n. s.) 1166.

may, under section 9282, Revised Codes, avail himself of such defense without proof on his part.

Same—Justification—Improper Instruction.
5. An instruction which would have warranted the conclusion that if the state had offered any single item of evidence tending to show that defendant was justified in killing deceased, his acquittal should follow under his plea of justification, was properly refused. (Rev. Codes, sec. 9282.)

Same—Inadequate Instructions—Request for Amplification Necessary.
6. Failure to offer an instruction amplifying one given by the court in the language of a section of the Codes, precludes defendant from complaining of the one given, unless the language used is inherently erroneous.

*Appeal from District Court, Silver Bow County; John V. Dwyer, Judge.*

SHERMAN A. POWELL was convicted of murder in the first degree, and, from the judgment and an order denying new trial, he appeals. Affirmed.

*Messrs. Edward F.* and *James B. O'Flynn,* for Appellant, submitted a brief; *Mr. Edward F. O'Flynn* argued the cause orally.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Mr. Joseph R. Jackson, Mr. Frank L. Riley* and *Mr. N. A. Rotering,* for the State, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Sherman A. Powell was convicted of murder in the first degree, and appeals from the judgment and from an order denying him a new trial.

1. The court sustained an objection to a question asked the [1] witness Yammer, but later the witness was recalled, the question repeated, and then answered fully. No prejudice resulted from the first ruling, even if it was erroneous, which we do not concede. (*State* v. *Tudor,* 47 Mont. 185, 131 Pac. 632; *State* v. *Booth,* 46 Mont. 334, 127 Pac. 1017.)

2. Error is predicated upon the refusal of the court to give defendant's requested instructions 1 and 2, as follows:

"(1) You are instructed that the burden of proving beyond a reasonable doubt the fact that the defendant was at fault in the first instance in bringing on or provoking the difficulty, or in other words, that he was the aggressor in the case, rests upon the prosecution, and not upon the accused person.

"(2) You are instructed that, if any proof offered by the state tends to show that the defendant was excused or justified in killing J. H. Montgomery, then you should acquit the defendant."

Of course, the burden is never upon the accused to prove any [2] fact beyond a reasonable doubt, much less to prove that he himself was the aggressor; but, the court having told the jury that the state must prove beyond a reasonable doubt every material fact necessary to make out the crime charged, it was not necessary to repeat the same rule in the negative form, or apply it to one isolated fact.

The first portion of instruction 1 is not a correct statement of the law, and is not applicable to the facts of this case. In [3] some instances it may become a material inquiry to determine who was the aggressor in the first instance, but it is not always so. The evidence discloses that deceased and defendant, employees of the Great Northern Railway Company, became engaged in a quarrel over a game of cards; that the quarrel subsided and deceased unrobed and went to bed in a parlor-car; that defendant left his presence, went to the kitchen of a dining-car adjoining the parlor-car, secured a butcher-knife, and about an hour later returned to where deceased was in bed and stabbed him with the knife. It is wholly immaterial who was at fault in the first instance, if the deceased withdrew from the quarrel and defendant then formed the deliberate purpose to kill, armed himself, and carried his intention into execution. Defendant's version is that he armed himself for defense only, that he returned to get his coat from the car where deceased was sleeping, that deceased attempted to shoot him, and that he

struck with the knife in necessary self-defense. If this story had been accepted by the jury, a different verdict would have been commanded; but in the light of all the surrounding facts and circumstances the jury were at liberty to discredit his testimony, which they must have done.

Instruction 1 is quoted from an opinion in *Lawson* v. *State,* 171 Ind. 431, 84 N. E. 974, but does not include the context which makes the observation of the court pertinent to the facts of that particular case.

3. The meaning of instruction 2 is not very clear. The word [4, 5] ''proof'' is evidently used as synonymous with ''evidence,'' and, so employed, the error is apparent at a glance. Assume that one witness for the state testifies to facts which tend to mitigate, justify or excuse, while all the other evidence tends to the contrary conclusion, the defendant is not entitled to his discharge because of this fact, but it still remains for the jury to say whether, upon the whole case made, the state has established the defendant's guilt beyond a reasonable doubt. The use of the word ''any'' before the word ''proof'' destroys the sense, if the instruction was intended to convey the idea expressed in section 9282, Revised Codes. In that section the word ''proof'' is used to designate the effect of all the evidence produced by the prosecution.

In order to avail himself of any affirmative defense, such as self-defense, after proof has been made that homicide was committed by the defendant, the statute imposes upon him the burden of furnishing sufficient evidence to raise a reasonable doubt of his guilt. (*State* v. *Leakey,* 44 Mont. 354, 120 Pac. 234.) If the effect of the evidence offered by the state is to show, or tend to show, mitigation, justification, or excuse—in other words, if the state makes out the defense for him by raising a reasonable doubt of his guilt—the defendant may avail himself of his affirmative defense without proof on his part. This is the meaning of section 9282 above, and this analysis is sufficient to disclose the error in the offered instruction.

The court gave in one instruction the text of section 9282, [6] and further informed the jury, in the language of section 8303, Revised Codes, that: "The homicide appearing to be justifiable or excusable, the person charged must upon his trial, be fully acquitted and discharged." If the defendant desired that these provisions be amplified by a further statement defining accurately the *quantum* of proof required as indicated by this court in numerous decisions (*State* v. *Peel,* 23 Mont. 358, 75 Am. St. Rep. 529, 59 Pac. 169; *State* v. *Felker,* 27 Mont. 451, 71 Pac. 668; *State* v. *Crean,* 43 Mont. 47, Ann. Cas. 1912C, 424, 114 Pac. 603), it was incumbent upon him to tender an instruction stating the rule. (*State* v. *Gordon,* 35 Mont. 458, 90 Pac. 173; *State* v. *Tracey,* 35 Mont. 552, 90 Pac. 791.) By his failure to offer such an instruction he is precluded now from complaining of the instructions which follow the language of the statute and are not inherently erroneous.

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.

Rehearing denied December 17, 1917.