DOURIS, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 4,852.)

(Submitted June 2, 1922. Decided July 10, 1922.)

[207 Pac. 1001.]

*Personal Injuries—Cities and Towns—Defective Sidewalks—Notice of Defect—Complaint—Evidence—Sufficiency.*

Personal Injuries — Cities and Towns — Defective Sidewalks — Notice of Defect—Complaint—Sufficiency.
  1. Complaint in an action against a city for damages for personal injuries suffered by a fall upon a sidewalk where snow and ice had formed a slanting and slippery surface, showing that at the date of the accident and for more than five days prior thereto defendant had the care, supervision and control over the street and sidewalk on which it occurred, and had, or could have had, knowledge, by the exercise of reasonable care, of the unsafe condition of the walk, *held*

---

1. Liability of municipality for injuries from rough or uneven snow or ice accumulated from natural causes on a street or sidewalk not otherwise defective, see notes in 1 Ann. Cas. 964; 7 L. R. A. (n. s.) 933; 13 L. R. A. (n. s.) 1105, 45 L. R. A. (n. s.) 75.
  Liability of municipal corporation for injuries from snow or ice on sidewalk, see notes in 103 Am. St. Rep. 290; Ann. Cas. 1913C, 1068; 13 A. L. R. 17.

[64 Mont. 211.]
sufficient to show either actual or constructive knowledge of the defect.

Same—Defective Sidewalks—Liability of City—Notice of Defect.
    2.   Where snow and ice were permitted to accumulate on a sidewalk and form a slippery and slanting surface so that it was dangerous to pass over it while exercising due care, the city is liable for injuries caused thereby, provided it had actual or constructive notice.

Same—Notice of Defect—Evidence—Sufficiency.
    3.   Evidence *held* sufficient to disclose that defendant city had knowledge of an accumulation of snow and ice upon a sidewalk located in a portion thereof which was patrolled by policemen, where the defect had existed for more than five days.

Same—Refusal to Strike Testimony of Witness as to Fall at Same Place Proper.
    4.   Where a witness for plaintiff had testified to snow and ice in front of the whole lot on a sidewalk fronting which the accident occurred, refusal to strike out the testimony of the witness that she fell in front of that particular lot, on motion of defendant that it was not shown that the snow and ice were at the same place at which plaintiff fell, was proper.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Mrs. William Douris against the City of Butte. From a judgment for plaintiff and from an order denying its motion for new trial, defendant appeals. Affirmed.

*Mr. J. O. Davies, Mr. Miles J. Cavanaugh* and *Mr. D. H. Wittenberg,* for Appellant, submitted a brief; *Mr. Davies* argued the cause orally.

*Mr. John V. Dwyer* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action to recover damages for personal injuries suffered by reason of a fall upon a sidewalk of a street in the city of Butte at a point where snow and ice had formed causing a slippery and slanting surface. Plaintiff had judgment, and defendant appeals from it and an order denying its motion for new trial.

The sufficiency of the complaint was questioned both by general demurrer and by objection to the introduction of any evidence, at the beginning of the trial.

[64 Mont. 211.]

The principal ground upon which the defendant seeks a
[1]  reversal of the judgment is that by neither the allega-
tions nor the proof does the record make it appear that the
defendant had notice, either actual or constructive, of the
existence of the ice and snow in front of the vacant lot in
question for a time long enough to enable it to learn of the
condition of the walk and to remove the danger after notice
had been imparted to it.

The plaintiff was permitted to amend her complaint. Of
this the defendant does not complain in this court. After
the amendment it charged, in substance, that at the date of
the accident, and for a long time prior thereto, namely, more
than five days, the defendant had the care, regulation, super-
vision, and control of the particular street and sidewalk in
question, and had knowledge of its unsafe condition, or by the
exercise of reasonable care upon its part, or that of its officers
in authority, could have ascertained its condition and the
danger incident thereto, and that at all the times mentioned
it did have full knowledge thereof. Tested by the rules
laid down by this court in a case in which similar facts were
pleaded as in the complaint in the present case, the aver-
ments were sufficient in all respects. (*Murray* v. *City of
Butte,* 51 Mont. 258, 151 Pac. 1051.)

There was evidence given by witnesses for both plaintiff
[2, 3]  and defendant tending to show that the plaintiff was
in the exercise of due care when she fell and sustained the
injuries complained of; that the condition of the place on the
sidewalk where the accident happened was very bad on ac-
count of the ice and snow which had been permitted to ac-
cumulate and remain there; that it formed a slippery and
slanting surface extending out to the edge of the sidewalk
toward the street where she fell and was injured; that it had
existed for a period much longer than five days; that defend-
ant had both actual and constructive notice thereof; that it
was a portion of the city patrolled by policemen in the em-
ploy of the defendant, and sufficient to show that in the

proper exercise of its municipal functions the city ought to have known of it, and that it failed to remove the danger arising from such accumulation. Of evidence enough like that shown in the present case to make that case decisive of the principal issues now to be determined, Mr. Justice Holloway uses this language: "The evidence tends to show due care on the part of plaintiff, and we think is amply sufficient to make out a case for the jury, upon the theory that, if the ice is permitted to accumulate upon the walk and to form a smooth, slippery surface at an angle or slanting to the plane surface of the walk, so that it becomes difficult and dangerous for pedestrians to pass over it while exercising ordinary care, then the city is liable for injuries caused by such obstruction to travel, provided it had actual knowledge of the condition, or by reason of lapse of time ought to have had knowledge of it, and fails, after such knowledge, to remove the obstruction within a reasonable time." (*Townsend v. City of Butte*, 41 Mont. 410, 109 Pac. 969.)

The third assignment of error, and the only other question [4] of sufficient moment to require consideration, arose upon a motion to strike out the statement of a witness who told of a fall she had experienced in front of the vacant lot in question, because it was not "the same place or the same site in which the injuries were received by this plaintiff." The trial court's remark that the witness had testified that "the snow and ice was in front of the whole lot" is supported by the record, and shows clearly that the court committed no error.

There being no error in the record, the judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, HOLLOWAY and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.