REILLY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 4,853.)

(Submitted September 15, 1922. Decided October 10, 1922.)

[209 Pac. 1057.]

*Personal Injuries — Cities and Towns — Icy Sidewalks—Constructive Notice—Evidence—Sufficiency.*

Personal Injuries—Icy Sidewalks—Constructive Notice—Evidence—Sufficiency.
1. Evidence in an action against a city for personal injuries sustained by a fall upon an icy sidewalk reviewed and *held* sufficient to raise a reasonable inference that the condition of the snow and ice at the place where the accident occurred was, and for at least three days had been, such as to amount to an obstruction dangerous to pedestrians for a sufficient length of time to afford constructive notice of its condition to the city.

Same—Evidence—Sufficiency—Demonstration not Required.
2. In a civil case the law does not require that degree of proof which amounts to demonstration, moral certainty, or that degree which produces conviction in an unprejudiced mind, being sufficient to sustain the verdict of the jury.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Mary Reilly against the City of Butte. From a judgment for plaintiff and an order denying motion for new trial, defendant appeals. Judgment and order affirmed.

---

1. Liability of municipal corporation for injuries from rough or uneven snow or ice accumulated from natural causes on a street or sidewalk not otherwise defective, 7 Am. Rep. 206; 1 Ann. Cas. 964; 13 A. L. R. 17; 13 L. R. A. (n. s.) 1105; 45 L. R. A. (n. s.) 75.

*Mr. J. O. Davies, Mr. Miles J. Cavanaugh* and *Mr. D. H. Wittenberg,* for Appellant, submitted a brief; *Mr. Davies* argued the cause orally.

*Mr. John Dwyer* and *Mr. N. A. Rotering,* for Respondent, submitted an original and a supplemental brief; *Mr. Rotering* argued the cause orally.

MR. COMMISSIONER FORD prepared the opinion for the court.

This action was brought by the plaintiff to recover damages for personal injuries alleged to have been caused by a fall upon the sidewalk of one of the streets of the defendant, at a point thereon where there was an accumulation of ice and snow forming a rough, rounded, rigid, uneven, slippery and slanting surface. The plaintiff had a verdict and judgment and the defendant has appealed from the judgment and order denying its motion for a new trial.

The sufficiency of the complaint is attacked for the first time in this court, but the question is not argued by the defendant in its brief. The complaint is in every particular the same as that filed in the case of *Murray* v. *City of Butte,* 51 Mont. 258, 151 Pac. 1051, and that it states a cause of action is no longer open to doubt. (*Douris* v. *City of Butte, ante,* p. 211, 207 Pac. 1001; *Townsend* v. *City of Butte,* 41 Mont. 410, 109 Pac. 969; *Storm* v. *City of Butte,* 35 Mont. 385, 89 Pac. 726.)

The questions presented and argued in the briefs relate to—First: the sufficiency of the evidence to justify the verdict; second: that the verdict and judgment entered thereon is contrary to law. Counsel for the defendant contends that the evidence is insufficient to justify the verdict in two particulars: (a) in that there is no evidence in the case to show that the snow and ice at the place where the plaintiff fell was of such a nature or had so accumulated as would make the defendant liable for any injuries sustained by the plaintiff;

(b) the evidence is insufficient to show that the snow and ice, if any, at the place where the plaintiff fell, had existed for a sufficient length of time to give constructive notice of the existence of the same to the city.

One of the witnesses for the plaintiff testified that she was [1] familiar with building No. 423 North Main Street, and the vacant lot immediately south of and adjacent to it, and had occasion to observe the condition of the sidewalk in front of the vacant lot in December, 1919; that it had not been cleaned and there was ice on the sidewalk; that she fell there three days before Mrs. Reilly fell; that she noticed the condition of the snow and ice on the sidewalk; it was very icy at the time, had not been much traveled on; the ice was hard and it sloped from the inside from the vacant lot to the curb; also it sloped downhill; it was ice that came from the snow melting; at the time she fell she paid attention to the sidewalk; it was terribly icy; it was three days before December 24; the sidewalk had not been cleaned; there was ice on it on December 24; the snow and ice sloped from the side near the lot to the outside of the walk; the snow and ice was thicker inside than out; she had no recollection of having seen this particular lot cleaned last winter; it was always dirty all winter, full of snow and ice.

Another witness for the plaintiff testified he knew the sidewalk in question; that there was a lot of snow and ice on it on the morning of the 23d; there was ice upon the sidewalk under the snow; the ice was not even; it was kind of trampled down, being that the snow remained there and kind of melted on the ice, and then there was a lot of snow over it; the ice was rough in spots, lumps; it was heavier on the west side along against the vacant lot; it was thicker, he could not say the thickness of the ice on the west side of the sidewalk; it may be three or four inches, or it may be more; that on the eastern portion of the east side of the walk, it may be an inch or two; the middle of the sidewalk was more trampled like, bumpy; that such condition of the ice upon the sidewalk

existed for three days prior to December 23; what attracted his attention to the condition of the sidewalk was the danger of falling himself.

The plaintiff herself testified that she fell on North Main Street about fifteen feet past No. 423, had passed No. 423 going downhill and had got about in the neighborhood of fifteen feet when she slipped and fell. "This North Main Street is one of the streets and public thoroughfares in the city of Butte. The point where I fell is a vacant lot. There is a sidewalk there. I was walking on the sidewalk; that is one of the sidewalks of the city of Butte; that is a sidewalk used by pedestrians walking up and down the streets and has been used for years. I came back home that evening the same way and when I came as far as the vacant lot, I took the middle of the street. On my way back I noticed the condition of the inside of the sidewalk and the ice and snow looked to be about—well, I should judge from about four to six inches, and it came to a slant out to the end of the sidewalk and it looked to be slanting all through out to the sidewalk, run from the vacant lot out to the curb. It was slanting and also slanting downhill, and rough and that rigidy, icy snow. It was more on the middle of the sidewalk that I slipped and fell—on the west side of North Main Street, about fifteen feet south of 423 North Main Street. I had rubbers on."

Con O'Leary, a witness for the plaintiff, testified that he had occasion to observe the condition of the sidewalk in front of the vacant lot immediately south of and adjacent to the building No. 423 North Main Street; on one occasion he was going down there with another friend and at the very exact place where he fell there was a recess in the ground coming out there. The snow, the same as that which accumulated on top of this, both sides of this recess, would get into the hole and accumulate and come right out to the sidewalk and water would be there and freeze; there was like water flows there and would thaw; when the thaw would come it would come back out; some slush and snow would be in this recess and there

was a rigidy place; and this friend, "I was inside of him and he was on the outer side and I fell down and at the same time I went down and we slid out to the curbstone." The place was higher inside by about eight inches or more and it tapered down to the curbstone with an incline to the south, with the grade of the ground; that was on the sidewalk on the west side of North Main Street in front of this vacant lot. The condition of the sidewalk about Christmas-time of last year was very detrimental to travel of anybody that would go over it. On or about the 20th of December he fell there and it was very dangerous. On or about the 20th there was that accumulation high ridge there. The sidewalk was in that condition about three or four days,—more than that, about a week or eight days; he was sure of four days prior to the 23d of December.

The attorneys for the defendant, in open court, admitted that the portion described of the sidewalk on North Main Street on the west side thereof was, on the twenty-third day of December, 1919, and for more than five years immediately prior thereto, within the limits of the city of Butte, and that portion of North Main Street is in the police officer's beat and was patrolled by the officers of the police department.

From the above-recited evidence it is a reasonable inference that the condition of the snow and ice at the place where the accident occurred was, and for at least three days had been, such as to amount to an obstruction under the rule recognized in the cases of *Townsend* v. *City of Butte, supra,* and *Storm* v. *City of Butte, supra,* and which was approved by this court in *Murray* v. *City of Butte, supra,* and *Douris* v. *City of Butte, supra,* and made a case amply sufficient to go to the jury.

Counsel for the defendant in his brief contends very earnestly that there is no testimony given by any witness which would indicate that there was any snow or ice at all on the sidewalk at the place where plaintiff fell. True, the plaintiff does not testify that when she fell she got up and there saw the snow and ice on the sidewalk, but the witnesses above all

testify that on the twenty-third day of December, 1919, there was snow and ice on the sidewalk in front of the vacant lot where plaintiff fell. Plaintiff testified that on her way back home she observed the snow and ice on the sidewalk in question and described the condition of the snow and ice, and that it was more in the middle of the sidewalk that she slipped and fell. The only reasonable inference that could be drawn from such evidence is that there was snow and ice on the side-

[2]    walk at the place where plaintiff fell. It is the law, as defendant contends, that a verdict of the jury, based upon speculation and conjecture, cannot stand, yet the law does not require demonstration. Only moral certainty is required, or that degree of proof which produces conviction in an unprejudiced mind. (Sec. 10491, Rev. Codes 1921.)

There is evidence to the effect that the sidewalk was not cleaned all winter, full of snow and ice, in a rough, slanting, slippery, and dangerous condition. It is not disputed in the testimony that it was located on one of the public thoroughfares of the city of Butte opposite the postoffice in said city, and it was admitted in open court by counsel for defendant that that portion of the sidewalk was in a police officer's beat, and was patrolled by the officers of the police department. We think the evidence, if it does not prove that the officers of the defendant had actual notice of the condition of the sidewalk by reason of patrolling of the street by them, properly presents a case for the jury as to constructive notice. (*Townsend* v. *City of Butte, supra; Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425; *Storm* v. *City of Butte, supra; Douris* v. *City of Butte, supra; O'Flynn* v. *City of Butte,* 36 Mont. 493, 93 Pac. 643.)

Counsel for defendant contends that the verdict of the jury and the judgment entered thereon are contrary to law, in that it is contrary to the instructions given to the jury by the court. In instruction No. 3 the court instructed the jury, in part, that, before they could find in favor of the plaintiff and against the defendant, they must find that plaintiff, "while

so walking on said sidewalk at the said point, slipped on said ice and snow, if any, and fell and sustained the injuries complained of.'' But counsel asserts that there is no evidence in this case that there was ice and snow at the place where plaintiff slipped and fell, or that plaintiff slipped upon ice and snow, or that any ice caused plaintiff to slip and fall. Also, in instruction No. 5a and No. 6a, the court instructed the jury that, before plaintiff could recover, they must find that the snow and ice upon the sidewalk at the place where plaintiff fell had accumulated to such an extent as to cause and constitute a dangerous obstruction to travel. Counsel contends that there is no evidence in the case on which the jury could find that snow and ice had accumulated at the place of the injury, or that it was of such a nature as to make it dangerous for persons traveling along the sidewalk.

What we have said on the question of the sufficiency of the evidence to support the verdict and judgment herein effectually disposes of this assignment of error.

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*